**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Terry William SMITH, Defendant—Appellant.**

No. 06–30312.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed Aug. 1, 2007.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: FISHER and TALLMAN, Circuit Judges, and MILLS, District Judge.[*]

MEMORANDUM [**]

Appellant Terry William Smith pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(3). Following remand for re-sentencing, the district court imposed a $5,000 fine which Smith appeals. The facts and procedural history are familiar to the parties, and we do not repeat them here.

The district court imposed a $5,000 fine on Smith pursuant to 18 U.S.C. § 3571. Smith contends that the district court erred when, in determining whether he had sufficient resources to pay a fine, it considered his $10,946.15 Individual Retirement Account ("IRA"). We note that although the district court considered the IRA funds as part of Smith's income, it did not conclusively determine that the funds were subject to garnishment. Smith also argues that the district court erred in finding he could pay a $5,000 fine and contends that it was unreasonable to impose such a fine in this case.

We decline to consider whether the IRA can properly be considered as a finan-

---

[*] The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cial resource in determining whether Smith had sufficient resources to pay the fine. The Government represented at oral argument that it did not believe it had the authority to execute against the IRA and that it likely would simply remit the fine if Smith is unable to pay it down from other sources. Accordingly, the issue of whether the IRA can properly be considered as a financial resource in determining Smith's ability to pay is not ripe for our consideration.

█ We will now determine whether the $5,000 fine imposed by the district court was reasonable under the factors set forth in 18 U.S.C. § 3553(a) and § 3572(a). The fine was at the low end of the applicable United States Sentencing Guidelines range. *See* U.S.S.G. § 5E1.2(c)(3). The Supreme Court recently determined that the courts of appeals "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." *See Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007). The record shows that the district court carefully considered the relevant statutory factors, especially Smith's "income, earning capacity, and financial resources." *See* 18 U.S.C. § 3572(a)(1). The fine in this case would amount to less than $140.00 per month over Smith's three year term of supervised release. We agree that the fine is reasonably supported by Smith's potential earning capacity upon his release from prison.

**AFFIRMED.**